1092123.1.7

# UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**Silver Spring, Maryland**

**Theresa Hughes,** Plaintiff,
v.
**Credit One Bank, N.A., LVNV Funding, LLC, Resurgent Capital Services, LP,**
Defendants.

## COMPLAINT FOR VIOLATIONS OF CONSUMER PROTECTION LAWS

### I. INTRODUCTION

1. This is an action for damages and equitable relief arising from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and breach of contract by the Defendants. Plaintiff brings this action to address the unlawful reporting, verification, and sale of alleged debts, resulting in actual and consequential damages.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 as this action arises under federal law, specifically the FCRA, 15 U.S.C. § 1681 et seq.
3. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to this claim occurred within this judicial district, and the Defendants conduct business within this district.

### III. PARTIES

4. Plaintiff **Theresa Hughes** is a natural person and resident of Maryland, who is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).
5. Defendant Credit One Bank, N.A. ("Credit One") is a national banking association that provides credit services nationwide, including in **[Your State]**. Credit One's principal office is located at 6801 S Cimarron Rd, Las Vegas, NV 89113.
6. Defendant LVNV Funding, LLC and Resurgent Capital Services, LP ("LVNV/Resurgent") is one company that acts as both a debt buyer and servicing agent for charged-off consumer debts. Their principal office is located at 55 Beattie Place, Suite 110, Greenville, SC 29601.
7.

### IV. FACTUAL ALLEGATIONS

**A. Breach of Agreement by Credit One Bank**

10921123.1.8

8. Plaintiff had an agreement with Credit One that required any disputes or actions related to alleged debts to proceed through arbitration before Credit One could take further action, such as selling the accounts.
9. Despite this agreement, Credit One sold two accounts associated with Plaintiff, with account numbers **444796xxxxxx** and **444796xxxxxxx**, to third-party entities without initiating arbitration or notifying Plaintiff.
10. Credit One's actions constitute a material breach of the agreement, causing harm to Plaintiff's financial reputation and peace of mind.
11. *Relevant Case Law:* In *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000), the Supreme Court emphasized the enforceability of arbitration agreements, making Credit One's failure to adhere to arbitration provisions a breach of contract.

### B. FCRA Violations by LVNV/Resurgent

12. On or about February 2024, Plaintiff discovered that LVNV and Resurgent had reported and verified an alleged debt on Plaintiff's consumer reports with credit reporting agencies.
13. Plaintiff disputed the validity of the alleged debt in writing in September 2024, as required under 15 U.S.C. § 1681s-2(b). Despite the dispute, LVNV and Resurgent verified the debt in November 2024 through Experian without providing sufficient proof of ownership or validity.
14. LVNV and Resurgent failed to produce a forward flow agreement, proof of assignment, or any valid documentation beyond mere statements, which do not satisfy the legal standard for verification under the FCRA.
15. LVNV and Resurgent improperly relied on incomplete and insufficient records to substantiate the alleged debt.
16. *Relevant Case Law:* In *Johnson v. MBNA America Bank, NA*, 357 F.3d 426 (4th Cir. 2004), the court clarified that data furnishers have a duty to conduct reasonable investigations of disputes under 15 U.S.C. § 1681s-2(b).
17. The verification process employed by LVNV and Resurgent lacked due diligence and did not comply with the standards outlined in 15 U.S.C. § 1681s-2(b).
18. Plaintiff experienced confusion, stress, and significant emotional distress upon learning of the verified debt.
19. LVNV and Resurgent's actions directly impacted Plaintiff's creditworthiness, leading to credit denials.
20. On several occasions, Plaintiff sought clarification from LVNV and Resurgent regarding the validity of the debt but received no substantive response.
21. LVNV and Resurgent failed to provide tangible evidence of ownership of the alleged debt.
22. Plaintiff endured reputational harm due to the improper reporting and verification of the alleged debt.
23. The dispute process initiated by Plaintiff was met with resistance and non-compliance by LVNV and Resurgent.
24. LVNV and Resurgent did not conduct a thorough or reasonable investigation following Plaintiff's dispute.

25. Plaintiff's dispute was valid and substantiated by a lack of evidence provided by LVNV and Resurgent.
26. *Relevant Case Law:* In *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295 (11th Cir. 2016), the court emphasized that mere conclusory verification of debt is insufficient under the FCRA.
27. LVNV and Resurgent verified the debt without reviewing the accuracy of the information reported to credit bureaus.
28. LVNV and Resurgent knowingly reported inaccurate and unverifiable information.
29. Plaintiff's attempts to address the inaccuracies were disregarded by LVNV and Resurgent.
30. Plaintiff's emotional and physical health deteriorated due to the stress caused by Defendants' actions.
31. Plaintiff incurred significant financial losses as a result of LVNV and Resurgent's actions.
32. LVNV and Resurgent's conduct was willful and demonstrated a disregard for Plaintiff's rights under the FCRA.
33. Plaintiff suffered a panic attack and was involved in a car accident due to the stress of the situation.
34. Plaintiff was forced to rely on public transportation, resulting in additional expenses.
35. Plaintiff incurred emergency medical expenses totaling $5,094.20.
36. Plaintiff's inability to secure credit directly impacted daily living and financial stability.
37. The improper verification caused significant emotional and reputational damage.
38. Plaintiff's financial and personal life continues to be adversely affected by Defendants' actions.

## V. CLAIMS FOR RELIEF

### Count I: Breach of Contract (Against Credit One Bank)

39. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
40. Plaintiff entered into a valid and enforceable agreement with Credit One requiring arbitration prior to the sale of accounts.
41. Credit One breached this agreement by selling Plaintiff's accounts without initiating arbitration, causing Plaintiff damages.

### Count II: Violation of the Fair Credit Reporting Act (Against LVNV and Resurgent)

42. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
43. LVNV and Resurgent violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's disputes and improperly verifying an alleged debt.
44. Defendants' actions were willful and negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681n and § 1681o.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

10921123.1.10

1. Award Plaintiff actual damages of $15,094.20 for medical expenses, financial losses, and emotional distress.
2. Award statutory damages of $1,000 under 15 U.S.C. § 1681n.
3. Award punitive damages for willful violations of the FCRA.
4. Award Plaintiff's costs and reasonable attorney's fees under 15 U.S.C. § 1681n(c) and § 1681o(b).
5. Grant any other relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Date:** 01/16/2025
Respectfully submitted,

Signature _____

**Theresa Hughes**
8250 Georgia Ave, Apt 1223
Silver Spring, MD 20910

Lobankz202@icloud.com